UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLAUDIA RACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-3218 |
| | ) |
| WINDOWS, LLC OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Claudia Race ("Race"), by counsel, against Defendant, Windows, LLC of Indiana ("Defendant"), pursuant to the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621 et. seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

### II. PARTIES

2. Race is a citizen of the United States and the State of Tennessee.

3. Defendant is a Foreign Limited Liability Corporation, which maintains offices and conducts operations in within the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 626; and 42 U.S.C. § 12117.

5.  Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(b), and 42 U.S.C. §2000e(b).

6.  At all times relevant to this action, Race was an "employee" as that term is defined by 42 U.S.C. § 12111(4), 29 U.S.C. § 630(f), and 42 U.S.C. §2000e(f).

7.  Race is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Race's disability and/or Defendant regarded Race as being disabled.

8.  Race exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, age, gender, and retaliation. Race has filed her Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

9.  A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

10.  Race, who is female and 70 years old, was hired by the Defendant on July 18, 2020, for a Sales Position.

11.  Per arrangement, she was to be paid $800 per week for training, then move into commission-based sales. She was told that she would need to earn $100,000 per year in commissions or she would be terminated.

12.     At all times relevant, Race met or exceeded Defendant's legitimate performance expectations.

13.     Race has vast career sales experience as she has held such a position the bulk of her entire adult life and was more than qualified for the position.

14.     Race is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Race's disability and/or regarded Race as being disabled and/or Race has a record of being disabled.

15.     Race has a severe hearing deficit that requires her to wear hearing aids – for the past 10 years. Race is limited in the major life activity of hearing.

16.     Race began her first week of training in Nashville, Tennessee to get field exposure into the sales, installation, and measuring processes. Beginning the weeks of August 24 and August 31, 2020, she drove to Carmel, Indiana for two separate weeks of classroom training.

17.     Race was the only female at the training and was the oldest person at the training.

18.     Race attended her first week training and one day of the second week of classroom training and orientation in Carmel. The training was headed by Jason Holmes ("Holmes") and Matt Gardner ("Gardner"). During the training sessions and due to her disability, Race would, on occasion, turn to her desk partner and ask what one of the Trainers just said because she did not clearly hear what was said at the end of his sentences.

19. Additionally, it appears that Holmes took issue with the fact that Race was a female with vast experience, sales knowledge, and a confident demeanor.

20. On September 1, 2020, Race walked into class and was summoned to a meeting with Holmes and Gardner. Holmes asked Race how she thought she was doing with the training and she responded – "just fine." He responded that she was 50 percent behind the rest of the class and that she was continually speaking with her desk partner.

21. Race was not behind the rest of the class in her training – in fact, she was at or near the top of her class. She offered that she be tested on the spot, which offer was not accepted.

22. Additionally, to Race's knowledge, none of the other employees in training, who are all male and significantly younger than Race, were terminated.

23. Race explained her hearing disability, showed Holmes her hearing aids, and requested the reasonable accommodation of being moved to the front of the class so she could hear more easily. Instead of engaging in the interactive process to determine the need for a reasonable accommodation as legally required by the ADAAA, Holmes simply responded – "That's not possible, go find a new job."

24. Race engaged in a protected activity and attempted to address the discrimination and her termination with Defendant's V.P. of Sales – Zach Weber ("Weber"), shortly after being notified of her termination.

25. In their meeting and via Race's subsequent email, she laid out the issues during her training and her termination. Having not received a substantive response from Weber, she reached out to the Defendant's Human Resources Department – who

did not respond as initially promised, so she called back a week later and was told that the matter had been turned over to legal counsel, who would contact her. Perhaps unsurprisingly, Race was never contacted.

26. Recently, the Defendant's proffered explanation for Race's termination is that she could not use an iPad or technology well enough to do the job. First, Race has been using Apple products since 2008 and is fully capable of using such technology. Moreover, such assumptions regarding the use of technology are simply pretext for age discrimination.

27. Race was discriminated against based on her age and/or disability and/or gender and she was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the ADAAA, and the ADEA.

## V. LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION AND RETALIATION

28. Race hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant violated Race's rights by failing to engage in the interactive process, failing to provide a reasonable accommodation, and terminating her employment due to her disability. Race was also retaliated against for requesting a reasonable accommodation and when she engaged in a protected activity for reporting the discrimination.

30. Defendant's actions were intentional, willful and in reckless disregard of Race's rights as protected by the ADAAA.

31. Race has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II - GENDER DISCRIMINATION AND RETALIATION

32. Race hereby incorporates by reference paragraphs one (1) through thirty-one (31) of her Complaint.

33. Race was discriminated against based on her gender when she was terminated. Race was retaliated against for engaging in a protected activity - reporting discrimination to the Defendant.

34. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

35. Defendant's actions were willful, intentional, and done with reckless disregard for Race's civil rights.

36. Race has suffered injury as a result of Defendant's unlawful actions.

### COUNT III – AGE DISCRIMINATION AND RETALIATION

37. Race hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint.

38. Defendant has willfully and intentionally, with malice and/or reckless disregard for Race's rights, engaged in unlawful and discriminatory employment practices by terminating Race's employment based on her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 et. seq. and for retaliating against her for engaging in a protected activity when she complained of discrimination to the Defendant.

39. Race has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Claudia Race, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress, and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff liquidated damages for Defendant's willful violation of the ADEA and/or punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant and all other relief provided by the applicable statutes at issue in this matter.

Respectfully submitted,

s/*Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Claudia Race*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Claudia Race, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

s/*Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Claudia Race*